No. 95.—JAMES L. McKNIGHT, plaintiff in error, *vs.* MARTIN KELLETT, defendant in error.

[1.] In cases of fraud, (except fraud in obtaining a will,) Courts of Equity and Courts of Law have concurrent jurisdiction, and the plea of a *total* failure of consideration to an action upon a contract under seal, on the ground of *fraud*, will be allowed in a Court of Law.

[2.] When the vendee purchased a tract of land of the vendor, took a deed of conveyance, went into the possession thereof, and continued in possession: *Held*, that in a suit upon the bond executed by the vendee, under his hand and seal, for the purchase money, he could not, according to the provisions of the Act of 1836, plead a *partial* failure of the consideration of the contract, upon the ground of the fraudulent representations of the vendor; that Act prohibiting the plea of a *partial* failure of consideration in cases in which a *total* failure of consideration could not be pleaded.

McKnight *vs.* Kellett.

Debt, in Chattooga Superior Court. Tried before Judge Hooper, October Term, 1850.

This was an action brought by Kellett against McKnight, on a bond for the sum of $3260, with interest. Defendant pleaded that the bond was given for a tract of land, sold to him by plaintiff, and that the consideration for which the same was given had partially failed, in this : that plaintiff had fraudulently represented the land to be a healthy residence, whereby he was induced to purchase it, and that it had proved exceedingly unhealthy ; that his family had suffered much by sickness since he resided on the place, and several of them had died ; for which reasons he resisted payment of the purchase money, or a portion thereof. It appeared in evidence, that there was a mill-pond near the land, and many witnesses testified to the unhealthiness of the place. There was evidence on both sides as to the representations of the vendor.

Defendant requested the Court to charge the Jury, that the Statutes of the State in regard to the abatement of nuisances had nothing to do with the question ; which the Court refused, but charged, that although the Statutes in question could not justify misrepresentation, yet the Jury might consider them, in judging of the value of the place as a residence.

The Court also charged that the vendor of the land was not bound to disclose latent defects.

The Jury found for the plaintiff the full amount of the bond, deducting some small payments. Whereupon defendant moved a new trial, on the ground of error in the charge of the Court, on the points above mentioned, and on the further ground that the verdict was contrary to the evidence.

The Court refused the motion, to which decision defendant excepted.

Akin and Alexander, for the plaintiff in error.

Underwood and Crook, for defendant in error.

*By the Court.*—WARNER J. delivering the opinion.

That the Court erred in its charge to the Jury, we entertain no doubt; indeed, the counsel for the defendant in error concede that point in their argument, but insist, inasmuch as it appears on the face of the record, that the instrument sued on is under the hand and *seal* of the party, the defence cannot be allowed in a Court of Law. Whether failure of consideration can be pleaded to an instrument under seal in a Court of Law, in the absence of all *fraud,* we express no opinion; but we do hold, that the seal does not preclude an inquiry into the consideration, when it is alleged to be illegal or *fraudulent.*

[1.] In cases of fraud, (with the exception of fraud in obtaining a will,) Courts of Equity and Courts of Law have concurrent jurisdiction. *Tripp & Slade vs. Lowe's Adm'r,* 2 *Kelly,* 305, *and cases there cited.* In this case, however, the defendant does not plead a *total* failure of consideration, on account of the fraudulent representations of the vendor, but only a *partial* failure of the consideration for which the bond was executed. The defendant obligated himself to pay thirty-two hundred and sixty dollars to the plaintiff for a plantation, took a deed of conveyance from the plaintiff, went into possession, and still continues in possession thereof, but insists that the consideration has *partially* failed, because the plaintiff falsely and fraudulently represented the plantation to be a healthy location, when it was not · healthy, which was well known to the plaintiff, and in consequence of its unhealthiness is not worth more than fifteen hundred dollars. The question is, can this defence be allowed upon the state of facts presented by this record?

[2.] By the Act of 26th December, 1836, the plea of *partial* failure of consideration, cannot be made available only in such cases, under such circumstances, and between such parties as would then admit and allow the plea of a *total* failure of consideration. *Prince,* 475. In the sale of a tract of land of which the purchaser has gone into possession under a deed of conveyance from the vendor, and there is no question as to the validity of

the title, it is difficult to perceive how there can be a *total* failure of the consideration. If the land is not worth as much as the vendor fraudulently represented it to be, still it is worth something, and in this case the plea of the defendant admits the land purchased to have been worth fifteen hundred dollars. Inasmuch, therefore, as the defendant could not have pleaded a *total* failure of consideration to the suit on this contract, he cannot plead a *partial* failure of consideration, and the judgment of the Court below must be affirmed.