No. 45.—JOSHUA SIMMONS, plaintiff in error *vs.* THOMAS BLACKMAN, defendant in error.

[1.] By the Act of 1836, a plea of partial failure of consideration is allowed, in such cases, under such circumstances, and between such parties as would render proper a plea of total failure, if there had been such total failure of consideration.

Action on Note, in Floyd Superior Court. Tried before Judge JNO. H. LUMPKIN, August Term, 1853.

This was an action brought by Blackman against Simmons, on a promissory note, given for the hire of two negro women. The defendant filed a plea of total, and also of partial failure of consideration, as to one of the negroes.

On the trial, the defendant, in support of his plea of partial failure of consideration, offered testimony that one of the women was, at the time of the hiring, in a state of pregnancy. This testimony being objected to, was rejected by the Court, on the ground that total failure of consideration could not be

pleaded as to one of the negroes, without pleading it as to the entire contract; and therefore, that under the Statute, neither could a partial failure be so pleaded. To this decision, defendant excepted.

J. W. H. UNDERWOOD, for plaintiff in error.

No one appearing for defendant, the case was ordered to proceed *ex parte.*

*By the Court.*—STARNES, J., delivering the opinion.

[1.] In this case, the Court below refused evidence to support the plea of partial failure of consideration, on the ground, that by the Act of 26th December, 1836, (*Cobb's N. Dig.* 490) such plea could be made available only in such cases, under such circumstances, and between such parties as would now admit the plea of total failure of consideration; and that, as this case would not admit the plea of total failure of consideration, the other plea could not be made available.

At Common Law, a plea of partial failure of consideration might have been pleaded. But it seems that doubts arose in some places in our State, on this subject; and this was the mischief which the Legislature intended to remedy, in the passage of this Act.

Its phraseology is loose and inaccurate; but the object undeniably was, to allow a plea of partial failure, " In such cases, under such circumstances, and between such parties" as would render proper, a plea of total failure, if there had been such total failure of consideration. The words, though inaccurate, admit of this reasonable construction.

A construction given to the Act, which declares that a partial failure can only be pleaded in a case of total failure, entirely thwarts the intention of the law-maker, the purpose of the Act, and makes it wholly superfluous legislation.

Lord Bacon says, that the words of a Statute are never to be taken " To an unreasonable or impertinent, or repugnant extent. (*Bacon's Maxims,* 52.)

"Every Statute ought to be expounded, not according to the letter, but to the meaning." (*Dwarris on Statutes*, 690.)

"A remedial Act shall be so construed as most effectually to meet the beneficial end in view, and to prevent a failure of the remedy." (*Ibid*, 718.)

Let the judgment be reversed.