LOGAN *v.* THE WESTERN AND ATLANTIC RAILROAD CO.

86  493
f119 352
86  493
128  673

The return term fixed by law for all ordinary bills of exceptions is the first term of this court which begins after the expiration of thirty days from the filing of such bills of exceptions in the clerk's office of the court below. Consequently, a bill of exceptions filed on the 10th of September is returnable to the second term of this court thereafter, the first term having commenced on

October 6th. This is so notwithstanding the transcript of the record and the bill of exceptions reached this court more than twenty days before the commencement of the first term.
December 31, 1890.

Practice.    Motion by the defendant to transfer the case to the next term.

Reported in the decision.

O. N. Starr and R. J. McCamy, for the motion.

J. M. Neel and T. C. Milner, *contra.*

Bleckley, Chief Justice.

The present October term of this court, as fixed by law, commenced on Monday, the 6th of October. The bill of exceptions in this case was signed and certified on the 10th of September. On the same day service was acknowledged and the bill of exceptions was filed in the clerk's office of the superior court. The transcript of the record was certified on the following day, and on the 13th of September the transcript and bill of exceptions were filed in the clerk's office of this court. The return day of the term, being twenty days before the 6th of October, was September 16th. Thus it will appear that the case reached here in full time to be entered on the docket of this term, and it was to this term that the judge's certificate to the bill of exceptions on its face made the case returnable. But the statute (Code, §4262) declares that "in ten days from the date of such filing, it shall be the duty of the clerk to make out a copy of such bill, together with a complete transcript of the record in such cause." This evidently allows the clerk of the superior court in all cases ten days after the bill of exceptions is filed in his office to make out a transcript of the record. Hence it follows that where the date of filing is less than ten days before the return day of this court, the case is properly returnable by law, not to the first, but to the second term after such filing. This is the construction

which has heretofore been given to the statute. *Central Railroad Co.* v. *Ferguson*, 63 *Ga.* 83; *Searcy* v. *Tillman*, 75 *Ga.* 505. And see *Chapman* v. *Stiles*, 6 *Ga.* 113. Any other construction would put it in the power of the clerk of the superior court to fix the return term of many cases by using·more or less dispatch in making out the transcript and forwarding it and the bill of exceptions to this court. There would thus be no absolute uniformity in the matter. We think the plain and simple rule which the statute contemplates, as the law now stands, is that all ordinary bills of exceptions filed in the court below are returnable to the first term of this court which begins after the expiration of thirty days from such filing. When they have been so filed and reach the clerk's office of this court twenty days before the beginning of the term, they are to be entered in making up the docket in the first instance under section 4265 of the code. If they are received later and before the court has finished the circuit to which they belong, they are to be entered under section 4272(d) of the code. As the law fixes the term to which each and every bill of exceptions is returnable, a misdescription of the term in the judge's certificate or elsewhere is of no consequence and ought to be simply disregarded. *Miller* v. *Speight*, 61 *Ga.* 460; *Gauldin* v. *Shehee*, 20 *Ga.* 531. Inasmuch as the bill of exceptions in the present case was filed in the clerk's office below on the 10th of September, which was less than thirty days preceding the commencement of the present term, the law .made it returnable to the next term. It was, however, entered upon the docket of this term; and upon the call of the case here for argument, counsel for the defendant in error objected to treating it as returnable to this term and moved that it be transferred to the docket of next term. This motion should be granted, and the clerk will act accordingly. .     *Motion granted.*