RICHMOND COTTON OIL COMPANY *et al. v.* CASTELLAW *et al.*

LUMPKIN, J. 1. The owner or occupier of a lot in a town has no right, by
reason of that fact, to have an injunction to prevent a railroad com-
pany, the line of which runs near his property, from allowing a house
to be built and occupied by its licensee for the storage of cottonseed
to be forwarded over its line of railway, on the ground that such action ·
is ultra vires of the company.

(*a*) On the subject of permitting a licensee to use part of a railroad right
of way for storing freight to be transported by the railroad company,
thus increasing its freights, and so as not to injuriously affect its power
to discharge its duties, see Grand Trunk R. Co. *v.* Richardson, 91 U. S.
454 (23 L. ed. 356) ; Michigan Cent. R. Co. *v.* Bullard, 120 Mich. 416
(79 N. W. 635) ; Gurney *v.* Minneapolis Union Elevator Co., 63 Minn.
70 (65 N. W. 136, 30 L. R. A. 534) ; Illinois Central R. Co. *v.* Wathen,
17 Ill. App. 582.

2. If a railway company receives a conveyance of land to be used for rail-
road purposes, with a condition subsequent therein for forfeiture on
cessation of such use, one who is not the grantor or a privy in estate
under him has no right to enforce such condition; nor has he, on ac-
count of it, a right to enjoin the company from a use of the land which
he claims to be in violation thereof.

3. A public nuisance which works a special damage to any individual in
which the general public do not participate gives him a right of action,
and may authorize an injunction in his behalf. Civil Code, § 3859.

4. Mere apprehension of irreparable injury from an alleged nuisance con-
sisting of a house in course of construction for a lawful business use is
not sufficient to authorize an injunction. If it be a nuisance, the conse-
quences must be to a reasonable degree certain. Civil Code, § 3863;
*Harrison* v. *Brooks*, 20 *Ga.* 537 ; *Bailey* v. *Ross*, 68 *Ga.* 735.

5. General opinions that a house in course of erection will be a nuisance
are not admissible. Facts should be proved, tending to show whether
it would be a nuisance. Nor is a general opinion of a non-expert wit-
ness that the erection and use of a certain house will be injurious to
neighboring property admissible, unless accompanied with the facts on
which the opinion is based. Nor is it competent to admit evidence of
certain witnesses that the house when built will, "as they are informed,"
be used for storing certain noxious articles.

6. The rules as to the admission of evidence are not in all respects as
rigidly enforced in interlocutory hearings as on final trials, and the

admission of some hearsay or opinion evidence may not necessarily be followed by a reversal of the grant or refusal of an injunction, resting largely in the discretion of the judge, where it is probable that no harm has been done thereby. But in the present case, the allegations as to the act of the railroad company being ultra vires, and as to a breach of condition in the deed under which it acquired its right of way, furnished no cause for injunction to the plaintiffs; and the allegations as to whether the house being built would cause a nuisance being meagre, and not being supported in all respects by the evidence, the admission of such evidence on so vital an issue as that stated in the preceding headnote will have persuasive force in the grant of a reversal.

*Judgment reversed. All the Justices concur.*

APRIL 27, 1910.

Injunction. Before Judge Reagan. Henry superior court. September 15, 1909.

*Harris & Harris* and *J. F. Wall*, for plaintiffs in error.

*Y. A. Wright* and *Moore & Branch*, contra.

