## GRAY et al. v. CHASON.

1. Under the evidence introduced at an interlocutory hearing the trial judge did not err in refusing an injunction. The grant or refusal of an injunction upon conflicting evidence is a matter addressed to the sound discretion of the judge of the superior court, and the exercise of his discretion will not be interfered with unless manifestly abused. In the present case it is not alleged in the petition that the injuries apprehended are irreparable in damages, nor is it alleged that the defendant is insolvent.

2. If the erection of the dam for the grist-mill should create a continuing nuisance as alleged, it may be abated under the provisions of the Civil Code (1910), § 5333, or damages to those whose property may be damaged are recoverable under the terms of § 3634.

No. 4004. MAY 14, 1924.

Petition for injunction. Before Judge Custer. Grady superior court. July 28, 1923.

*Jeff A. Pope,* for plaintiffs.

*Ira Carlisle,* for defendant.

RUSSELL, C. J. In the present writ of error the exception is to the refusal of an interlocutory injunction. Gray and others, alleging themselves to be citizens of Grady County, residing near what is known as the old Sapp mill-site, presented a petition asking an injunction against J. M. Chason, to prevent him from reconstructing the dam to operate a proposed grist-mill. They alleged that before the old mill-dam was broken, over nine years ago, and the ground covered by the water had been drained, citizens living in the community and for several miles immediately around the mill had been subject to mosquitoes, malaria, and chills and fever; that in the nine years since the breaking of the mill-dam conditions had altogether changed, and in the previously unhealthy district referred to there had been no mosquitoes, malaria, chills or fever; that a rank growth (small pines, etc.), now covers the ground formerly covered with water; and that upon the reconstruction of the dam and the flooding of the bed of the mill-pond this growth would be killed, and by sap fermentation, decay, etc., unhealthy gases, mosquitoes, malaria, chills and fever would inevitably result, by reason of which the health of the petitioners would be endangered and endamaged, and the value of their property impaired and depreciated. Without a full recital of the contents of the petition it is sufficient to say that it is ample in its statements of probable injuries likely to result to the petitioners;

and it is likewise alleged that petitioners have no adequate remedy at law. However, it is to be noted that it is not alleged in the petition that the damages are irreparable, nor is there any allegation that the defendant is insolvent. The defendant filed an answer in which, after denying material portions of the petition but admitting that it was his intention to reconstruct the dam at the old Sapp mill-site, he averred that "he intends to cut and remove all trees, underbrush, and debris from the basin of the old Sapp mill-pond before it backs water from the same, and before he undertakes to create the pond and erect the mill," and "that he intends to build the dam to the said Sapp mill and erect said mill so as to have a flow of fresh water running into and out of said pond continuously. Defendant further says that after said debris has been removed from the basin of the said mill-pond and constructed as above set out, that the same will not breed malaria germs or mosquitoes and will not cause sickness of any kind."

. Upon the hearing the evidence as to every material point in issue was conflicting. The principle of § 5497 of the Civil Code of 1910, that "The granting and continuing of injunctions must always rest in the sound discretion of the judge, according to the circumstances of each case," and the uniform rule of this court that the exercise of such discretion will not be controlled unless manifestly abused, are familiar and fundamental; and it is so apparent that the refusal of the injunction in this case was not an abuse of discretion that the judgment must be affirmed. Especially so as it is not alleged in the petition that the defendant ·is insolvent; nor is it stated, as we have already pointed out, that the injuries likely to accrue to the plaintiffs are irreparable in damages. The construction and building of a grist-mill is a legitimate business, and is not a nuisance per se. The court properly refused to enjoin the construction and building of the mill and the erection of the mill-dam until it was conducted in such a manner as to work hurt, inconvenience, or damage to another. See *City of Quitman* v. *Underwood,* 148 *Ga.* 152 (96 S. E. 178). It would seem also from the ruling in *Central Georgia Power Co.* v. *Ham,* 139 *Ga.* 569, 573 (77 S. E. 396), that the provision of the Civil Code (1910), § 3634, is exclusive in confining the liability for the construction of dams and appurtenant work of the character referred to in § 3634. In the *Ham* case the following language

was used: "As already seen, Civil Code § 3634 concludes as follows: 'Provided, that this section shall not be construed to release individuals or corporations constructing such dam or dams and appurtenant works from liability to private property for damages resulting from the construction and operation thereof, either by overflow or otherwise.' It would seem that this proviso is exclusive in confining the liability for the construction of dams, and appurtenant works of the character referred to in the section, to damages to private property resulting from the construction and operation of such dams and plants, either by overflow or otherwise, and in limiting the remedy to actions for the recovery of such damages." However this may be, it was well within the power of the judge, in the exercise of his sound discretion, to refuse the injunction until all of the issues of fact could be passed upon by a jury. Even should the erection of the mill-dam create a nuisance, equity will interfere to enjoin a nuisance only when the injury is irreparable, or one the continuance of which will cause a constantly recurring grievance. *Central of Georgia Ry. Co.* v. *Americus Construction Co.,* 133 *Ga.* 392 (65 S. E. 855).

*Judgment affirmed. All the Justices concur.*