## WINGATE *v.* CITY OF DOERUN *et al.*

GILBERT, J.   1. The power conferred by the Civil Code (1910), § 5331, on a town or city having a population of less than twenty thousand, to abate nuisances, under its terms applies "if a nuisance exists." It does not apply where there is a mere apprehension of an irreparable injury.

2. The judgment rendered by the mayor of Doerun under the power conferred by the above-stated code section recites that on the hearing of the proceeding to abate the nuisance "the defendant [C. R. Wingate] admits he plans to erect and operate same," that is the boiler and sawmill; that the same, "is a public nuisance and especially injurious to the complainant, . . and the same is abated and suppressed." This judgment, properly construed, does not operate to abate a present existing nuisance, but relates solely to a nuisance to come into existence in the

future after the completion of the sawmill project. This is also shown by the undisputed evidence.

3. "Mere apprehension of irreparable injury from an alleged nuisance consisting of a house in the course of construction or alteration for a lawful business is not sufficient to authorize an injunction. If it be a nuisance, the consequences must be to a reasonable degree certain. *Richmond Cotton-Oil Co.* v. *Castellaw*, 134 *Ga.* 472 (67 S. E. 1126)." *Thomoson* v. *Sammon*, 174 *Ga.* 751, 757 (164 S. E. 45); Civil Code (1910), § 4459.

4. A sawmill is not necessarily a nuisance per se. Compare *Gray* v. *Chason*, 158 *Ga.* 313 (123 S. E. 290); *Standard Oil Co.* v. *Kahn*, 165 *Ga.* 575 (141 S. E. 643); *Barton* v. *Rogers*, 166 *Ga.* 802 (144 S. E. 248); *Thomoson* v. *Sammon*, supra. It is not reasonably certain that the sawmill when operated will become a nuisance. "No instance can be produced of the interposition of a court of equity by injunction in the case of an eventual or contingent nuisance." *Rounsaville* v. *Kohlheim*, 68 *Ga.* 668 (45 Am. R. 505). The Code confers no greater power upon any municipality.

5. The mayor and council of Doerun exceeded the power conferred by the Civil Code, § 5331, in rendering the judgment abating a nuisance not in existence, but merely apprehended, and therefore the judgment rendered was without jurisdictional authority and is void.

6. Under repeated rulings of this court, some of which are cited in the headnotes preceding, the evidence demanded the grant of an injunction as prayed for by the petitioner, and a denial of the injunction sought by the city. *Judgment reversed. All the Justices concur.*

GILBERT, J., concurring specially. As repeatedly stated in previous decisions, I am of the opinion that the petitioner was not entitled to any equitable relief against his trial on the criminal charge, and that the trial of that case could have adjudicated the issues here decided. Civil Code (1910), § 5491.

No. 9641. JULY 13, 1933.

376

*R. B. Williamson,* for plaintiff.   *P. Q. Bryan,* for defendant.