WOFFORD OIL COMPANY OF GEORGIA *et al* v. DAVID
*et al.*

No. 10652.   OCTOBER 16, 1935.
ADHERED TO ON REHEARING, FEBRUARY 21, 1936.

*O. C. Hancock* and *J. H. Paschall,* for plaintiffs in error.

*J. G. B. Erwin, J. M. Lang,* and *Y. A. Henderson,* contra.

HUTCHESON, Justice.   Miss Julia Cleghorn Hill and A. B. David brought a petition for injunction against G. C. Kirkley individually and as executor of the estate of Mrs. Emy W. Kirkley, deceased, Wofford Oil Company of Georgia, and G. R. Dunagan, to restrain the Wofford Oil Company from erecting a filling-station in the City of Calhoun, Georgia.   The petitioners alleged that the erection and maintenance of the filling-station would be a private nuisance, because there would be loud and obnoxious noises, the desirability and value of their residences would be lessened, the fire hazard would be greatly increased on the property of petitioners, the traffic at said point would be increased, and the lives of pedestrians would be endangered, especially the members of the families of petitioners; that there would be obnoxious odors from the gasoline and oil, which would be offensive; that the filling-station is near two of the city churches, and strictly within the residential section of the city, and on a street which is a main thoroughfare for school children; that it is so located that large classes of people would have to go by it to and from their places of business; that more automobiles and motor vehicles would pass at said place on account of the operation of the filling-station; that the filling-station was being erected in violation of a building ordinance of the city, and a zoning ordinance designed to prohibit any firm or corporation from opening up or engaging in any line of business that would tend to congest traffic, and create a hazard to the welfare of the public, within two hundred feet of any property line of any church or school, within the city limits

of Calhoun; that a garage or filling-station, where gasoline or automobile accessories are kept for sale or stored, is covered by the provisions of the zoning ordinance; that the erection and maintenance of the proposed filling-station would be in direct conflict with the provisions of an existing ordinance of the City of Calhoun which prohibits any person, firm, or corporation from opening up for business and engaging, within two hundred feet of the property line of any church or school in the city, in any line of business which would tend to congest traffic and create a hazard to the public, and which would tend to interrupt and disturb, by its noisome nature, on any day while services are to be held in such church or while any such school is to be in session; that by its terms this ordinance prohibits the business of erection or maintenance of a filling-station; and that the filling-station in question comes within the terms of this ordinance. The prayers were for injunction and general relief.

The defendants filed general and special demurrers, some of the grounds of special demurrer being that certain allegations are immaterial and irrelevant and should be stricken; and that an individual can not plead city ordinances. The defendants filed an answer in which some of the allegations of the petition were admitted and others denied. It was averred that the only ordinance in effect at the time of the signing of the lease contract for the erection of the filling-station was the building ordinance, requiring persons desiring to erect a building within the limits of the city to apply to the city for a permit, the penalty for failure to do so being a fine of $100; that the zoning ordinance was passed on October 26, 1934, subsequently to the leasing of the property, after the date of the filing of the present suit, and after part of the work on the building had been completed; that after the passage of the zoning ordinance the mayor and council passed a further ordinance on October 26, 1934, being a "measure for the safety and welfare of the public, to regulate traffic on the streets near churches and schools within the City of Calhoun; to restrict the use and maintenance of property for certain kinds of business at and near schools and churches in said city;" and that this ordinance was enacted after the making of the lease contract, and after the excavation and foundations for the building had been com-

pleted. The ordinances are attacked as unconstitutional and void, on various grounds.

At interlocutory hearing the ordinances were introduced in evidence over objection. There was evidence that the operation of the filling-station would be a nuisance, and evidence that it would not be a nuisance. Also evidence that the oil company made application for a building permit, and the mayor informed them that a building permit would not be granted on account of objections by certain persons, but that if the oil company went ahead with the erection of the filling-station no case would be made against it under the terms of the ordinance. The judge continued in force the temporary restraining order, and the defendants excepted.

The building ordinance of the City of Calhoun provides that "no person, firm, or corporation shall build or erect within the limits of the City of Calhoun any house or building of any kind or character, . . without first having applied to the mayor and aldermen of said city and obtained a permit for such purposes;" and that "any person, firm, or corporation making application for a building permit shall accompany such application with a description of the building proposed to be erected, the material to be used in the construction, the street and number of the lot on which the same is to be placed, and such other description of the size, character, proposed use, and locality of the building as the mayor and council may in their discretion require. If it shall be deemed necessary, the applicant may be required to exhibit to said mayor and council a plan of the proposed building," etc. The penalty for a violation of this ordinance is a fine of $100 or imprisonment for a period not exceeding thirty days, either or both. While the evidence shows that the manager of the oil company talked with the mayor and clerk of council about securing a permit for the erection of the filling-station, and that the mayor stated to the manager that they would not issue a permit, but that if the manager went ahead with the erection of the building no case would be made against him under the terms of the ordinance, this did not relieve the oil company of the duty to comply with the terms of the ordinance; and this being so, any citizen interested and affected by such business could file a bill to enjoin the erection of the filling-station, and statements made by the mayor and clerk in his individual capacity would not relieve the company of such

duty to comply with the terms of the ordinance. It is true that this court has held that a filling-station is not a nuisance per se (*Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575, 141 S. E. 643, and cit.), but this would not relieve the oil company of the duty of applying for and obtaining a permit to erect the station in compliance with the terms of the ordinance. If a permit is refused, the oil company would then have its remedy by mandamus to compel the issuance of such permit. *Blackman Health Resort* v. *Atlanta,* 151 *Ga.* 507 (107 S. E. 525). The judge did not err in allowing this ordinance to be introduced in evidence, and, in considering the same, on the ground that said ordinance could not be pleaded and relied on as evidence by a private individual in a suit to enjoin a private nuisance, and that said ordinance was not material to an issue involving a private nuisance.

The zoning ordinance above referred to is attacked on the ground that the mayor and council of the City of Calhoun were without authority to pass such an ordinance. Art. 3, sec. 7, par. 25, of the constitution of Georgia, (Code of 1933, § 2-1825), provides as follows: "The General Assembly of the State shall have authority to grant to the governing authorities of the cities of Atlanta, Savannah, Macon, Augusta, Columbus, LaGrange, Brunswick, Waycross, Albany, Athens, Rome, Darien, Dublin, Decatur, Valdosta, Newnan, Thomaston and East Thomaston, and cities having a population of 25,000 or more inhabitants according to the United States census of 1920 or any future census, authority to pass zoning and planning laws whereby such cities may be zoned or districted for various uses," etc. The City of Calhoun clearly does not fall within the provisions of this authority to pass zoning ordinances; and the passage of such an ordinance by the city is unconstitutional and void as violating this provision of the constitution. It was error to allow such ordinances to be introduced in evidence.

Under the pleadings and the evidence the judge did not err in granting a temporary injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent on account of illness.*

BELL, J., concurs in the result.

ON REHEARING.

The judgment is adhered to. *All the Justices concur.*