WOFFORD OIL COMPANY OF GEORGIA *v.* CITY OF CALHOUN *et al.*

No. 11416. NOVEMBER 28, 1936. REHEARING DENIED DECEMBER 12, 1936.

*O. C. Hancock* and *J. H. Paschall,* for plaintiff.

*J. M. Lang, J. G. B. Irwin,* and *Y. A. Henderson,* for defendants.

Russell, Chief Justice. The question presented by this record is whether the court below erred in sustaining a general demurrer and dismissing a petition for mandamus absolute, which as amended sought to compel the governing authorities of the City of Calhoun to issue to the petitioner a building permit for construction of a filling-station on a vacant lot in that city. Special demurrers also were filed, but these will not be considered, for the reason that the judge in his order expressly reserved any ruling as to them. *Linder* v. *Whitehead,* 116 *Ga.* 206 (42 S. E. 358); *Simpson* v. *Sanders,* 130 *Ga.* 265, 271 (60 S. E. 541); *Linam* v. *Anderson,* 12 *Ga. App.* 735, 739 (78 S. E. 424); *Willingham* v. *Glover,* 28 *Ga. App.* 394 (2) (111 S. E. 206). The petition and amendment allege in substance as follows: Petitioner is "the owner and holder of a leasehold interest" in a certain vacant city lot which it leased for the purpose of erecting and operating thereon a filling-station in which to dispense its gasoline, oil, greases, etc. At two different times it had theretofore filed with the city authorities written applications for the permit, identical in form and substance, both of which were denied by the city council. The first application was denied by means of the adoption of a resolution by the mayor and city council, without written or formal objections being filed thereto, and without the entering or signing of any order of denial. About three months later the petitioner filed a second application, which, "after hearing and argument thereon," was denied by means of an "order" entered to that effect. The denial of the second application was not prompted because of the previous filing of the first application. Petitioner's application complied with the city's ordinance relating to the issuance of building permits. To show this it attaches to the petition for mandamus a copy of the application and a copy of the ordinance referred to. The application for the permit was as follows: "To the Mayor and Aldermen of the City of Calhoun: Wofford Oil Company of Georgia, a corporation of the State of Georgia, hereby files its application for a building permit for the erection of a building at the northwest corner of Wall and Trammell Streets in the City of Calhoun, upon what is known as the John Neal or Dr. G. C. Kirkley lot, said proposed building to be constructed of brick with a tile roof, above lot not being numbered, said building to be 26 feet by 30 feet, to be used as a stock-

room in connection with a gasoline and oil service station. Blue prints and specifications of said building are herewith attached and made a part of this application. A sewer is already on the lot on which the proposed building is to be erected." Further statement of the case will appear hereinafter.

The statement is frequently loosely made that mandamus will not lie if there is any other available remedy. However, from an examination of the Code sections relating to mandamus (§§ 64-101-64-111) it will be observed that the provisions in regard to the exercise of this right are copious, are divided into different branches, and relate to entirely different subjects. The litigation now before us is an effort on the part of the petitioner to enforce by mandamus an alleged public duty of the municipal authorities of Calhoun. The Code, § 64-101 declares: "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." We find that under this section, as a general rule, the scope of mandamus is very broad, and, though it is much restricted in special instances in other Code sections, these are only exceptions to the general rule. The general rule is that "whenever, from *any cause,* a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue," and the first exception is contained in the same section, "if there be no other *specific* remedy for the legal rights." So we come to consider, first, whether the petitioner had any legal right at the time it filed its petition; next, if there is any cause whereby a defect of legal justice would ensue to the plaintiff in case it is not granted the permit to construct the filling-station; and third, whether there is any other specific legal remedy open to the plaintiff in error. The framers of the constitution thought it of sufficient importance, in fixing the jurisdiction of the superior courts as embodied in our highest law, to confine the jurisdiction of mandamus to the superior courts of the State. In article 6, section 4, paragraph 5, of the constitution (Code, § 2-3205) it is said that the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari, . . and the judges thereof shall have power to issue writs of mandamus, prohibition,

scire facias, and all other writs that may be necessary for carrying their powers fully into effect." So that the constitutional mandate and the provisions of section 64-101, enacted in pursuance of the constitution, give a judge of the superior court the power to issue writs of mandamus, and make it his duty to do so from any cause whereby a defect of legal justice would ensue if a mandamus be not issued, and if there be no other specific legal remedy. Construing together the two exceptions to which we have referred, if an applicant for the writ of mandamus has "no other specific legal remedy," it is plain that a "defect of legal justice would ensue" to a suitor entitled to have official duty faithfully performed, as his right in the circumstances of his case. It is very plain from the record in this case that certiorari is not available to the plaintiff. No judgment had been rendered by any court before the judgment rendered by the judge of the superior court dismissing the petition upon demurrer. The adoption of a motion by the body of the mayor and council denying the permit, as taken from their minutes, is in no sense a judgment, and, in the language of the constitution, certiorari only lies to review the decisions of inferior judicatories.

If the applicant is for any reason entitled to a permit, and the remedy of certiorari is beyond his reach, because there has been no judgment from which he can take certiorari, it would seem clear that there would be such a "defect of justice" as would entitle him to a mandamus to compel the granting of the permit for the erection of a building of the character and description set forth in the petition as amended. The case of *Wofford Oil Co.* v. *David,* 181 *Ga.* 639 (183 S. E. 808), involved the same property in precisely the same location, though between parties different from those involved in this case; and so this court is familiar with the surroundings. At that time David et al. based their contention, in opposition to the grant of the permit, upon an alleged zoning ordinance; but this court overruled that contention, for the reason that the City of Calhoun has never had conferred upon it the power to zone. In the present case, as it seems to us, the Wofford Oil Company has complied with every regulation in giving all the information required by the City of Calhoun to entitle it to the permit it seeks, unless this court is prepared to overrule the decision in *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575

(171 S. E. 643). This the more especially in view of the fact that if, after the filling-station opens, it is improperly operated, so that for any reason it becomes a nuisance, the nuisance can be abated. The ordinance of the City of Calhoun upon the subject of permits to build or make changes in the construction of buildings of all kinds, so far as material in this case, is as follows:

"Sec. 1. Be it ordained by the Mayor and Aldermen of the City of Calhoun, that from and after the passage of this ordinance no person, firm, or corporation shall build or erect within the limits of the City of Calhoun any house or building of any kind or character, or add to, build upon, or generally improve or change any house or building within the city limits of said city, without having first applied to the mayor and aldermen of said city and obtained a permit for such purpose.

"Sec. 2. Any person, firm, or corporation, making application for a building permit, shall accompany such application with a description of the building proposed to be erected, the material to be used in the construction, the street and number of the lot on which the same is to be placed, and such other description of the size, character, proposed use, and locality of the building, as the mayor and council may in their discretion require. If it shall be deemed necessary, the applicant may be required to exhibit to said mayor and council a plan of the proposed building. If the applicant desires to connect the premises proposed to be improved with the city sewer, the applicant must show how and at what point the connection is to be made, and for what purpose the sewer is to be used.

"Sec. 3. Any one violating any of the provisions of the foregoing ordinance shall, on conviction, be punished by fine not exceeding $100 or imprisonment not exceeding 30 days, either one or both."

From the record it appears that the City of Calhoun and others did not even file an answer to the petition for mandamus; and since the petition was dismissed upon demurrer, it is certain that no evidence was introduced at the hearing of the application for mandamus which we are now reviewing. The court sustained the general demurrer and dismissed the entire proceeding. When a petition is so fatally defective as to be incurable by amendment, it may properly be dismissed. However, we have often held that

if a petition is good enough, even in a single respect, to afford relief on one point, then the petition is strong enough to withstand a demurrer, even though many other features of the petition be subject to demurrer. There may be paragraphs in a petition which may state mere conclusions of the pleader, and the court may require them to be stricken; but if there remains in the allegations of the petition a good cause of action, it is subject to curative treatment. If a petitioner is not able to bring his whole body into contest with his adversary, but is still able to fight with one leg, it is his right to see whether his one leg can win the fight, even though it be restricted to only a part of what he wanted to fight for. What we have just said is not intended to be applicable to the position of the petitioner for mandamus in this case, but is merely illustrative of the caution which should be exercised in dismissing a case upon general demurrer. The petitioner alleges that "it is the owner of the leasehold interest in and to a certain lot on the corner of Trammell and Wall streets in the City of Calhoun, said lot having been leased to erect a building thereon to be used as a filling-station by petitioner in the dispensing of its products, gasoline, oils, greases, etc." The next paragraph of the petition, referring to previous litigation (*Wofford Oil Co.* v. *David,* supra), is immaterial, as will appear later in this opinion. The fifth paragraph states more fully the business to be carried on in the building for which the permit is sought, and the plaintiff pleads as a matter of law that such business is legitimate, that the mayor and council of Calhoun have no right to refuse the permit, and are under a legal duty and obligation to issue said permit; and concludes with the statement of fact (though it is an issuable fact) that the refusal of the permit will destroy the leasehold value of its property. The sixth paragraph, though unduly verbose and argumentative, charges that the refusal of the permit is an arbitrary and illegal exercise of power, that the same is unreasonable and capricious, as the building to be erected is to be used in the conduct of a lawful occupation, and not in any sense a nuisance per se.

Paragraphs of the petition may be subject to special demurrer, so as to enable the respondent to more fully prepare its defense, but none of them, in our opinion, are subject to the general demurrer. Attached to its petition as exhibit A is the ordinance,

in the first and second sections of which are embodied all the regulations applicable to the issuing of building permits in the City of Calhoun; and by amendment, which was allowed by the court before action was taken upon the general demurrer, petitioner alleged as follows: "At the hearing of the application of December 16, 1935, referred to in paragraph 3 of the original petition, . . no written or formal objections were filed against the granting of the permit. It shows that no order was ever signed by either the mayor or aldermen of the City of Calhoun denying the application for a building permit, and there was nothing therefore to which it could have excepted or have certioraried the case to a higher court; and that for this reason it is not bound by the filing of the application referred to, nor precluded from filing or pressing the application that was heard on March 16, 1936." Undoubtedly, without amendment the petition for the building permit would have been fatally defective, and the mayor and council would have been fully authorized to refuse the permit, because it did not allege compliance with the municipal regulations which were essential prerequisites to the grant of a building permit. The amendment having been allowed, and being in proper form for the purpose of demurrer, the facts therein alleged must be considered as true. And so we have a case where the petitioner for mandamus shows that the mayor and council of the city, contrary to legal duty, arbitrarily refused to grant the permit, and petitioner can not take a certiorari. So far as the writer knows, there is no remedy other than mandamus, and without this remedy "a defect of legal justice would ensue." See *Daniels* v. *Commissioners,* 147 *Ga.* 295 (93 S. E. 887); *Southeastern Greyhound Lines* v. *Georgia Public-Service Commission,* 181 *Ga.* 75 (181 S. E. 834). This case differs from *City of Atlanta* v. *Blackman Health Resort Inc.,* 153 *Ga.* 499 (113 S. E. 545), where objections were filed and a trial had thereon by the city authorities on the issue as to whether the petitioner had complied with the existing ordinance.

*Judgment reversed.   All the Justices concur, except Gilbert and Bell, JJ., who dissent.*