DORSETT *et al.* v. NUNIS *et al.*

No. 13468. FEBRUARY 12, 1941.

562

*Astor Merritt* and *L. Z. Dorsett,* for plaintiffs.

*Mozley & Combs,* for defendants.

REID, Chief Justice. (After stating the foregoing facts.) It should be first observed that the ill health and unusual sensitiveness of some of the plaintiffs to noise has no relevancy in the controversy. In the determination of whether a given state of facts discloses a nuisance, the general effect of the condition shown on an ordinary person, rather than one of abnormal sensibilities and feelings, is the proper consideration. This is apparent from the definition of a nuisance as contained in the Code, § 72-101, where it is provided that "The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect *an ordinary reasonable man."* (Italics supplied.) See *Warren Co.* v. *Dickson,* 185 *Ga.* 481 (195 S. E. 568), where the rule is applied and numerous authorities cited. The present case represents an effort to enjoin the erection of a church, on the theory that it will be a nuisance to the surrounding property owners. It is of course manifest that a church though erected in a residential section is not per se a nuisance. This being true, the depreciation in value of the plaintiffs' properties because of the existence of the church in close proximity to their homes. as well as the noise that will result from an orderly and properly conducted Christian service therein, are not matters about which the plaintiffs may complain either in law or equity. See *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643). The plaintiffs' complaint is of necessity based principally on the asserted fact that the services of the defendants are attended with an unusual amount of noise such as is described in the petition, which will render their homes unfit for habitation. The judge did not pass on the general demurrer to the petition; and we do not adjudicate whether, when, and under what circumstances the conduct of religious services in a church would be a nuisance per accidens as the result of noise

resulting therefrom. Whether there will be as much noise and disturbance in the conduct of the services as anticipated by the plaintiffs is, under the evidence, conjectural. There was certainly a sufficient conflict on this issue to authorize the judge in his discretion to deny an interlocutory injunction. In *Harrison* v. *Brooks,* 20 *Ga.* 537, this court said: "A court of equity will only exercise the power to restrain nuisances in the course of erection in cases of necessity; where the evil sought to be remedied is not merely probable, but certain; and it will be the less inclined to interfere where the apprehended mischief is to follow from such establishments (as, for instance, a livery-stable) as have a tendency to promote the public convenience." This principle has been restated and applied many times. *Richmond Cotton-Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (67 S. E. 1126); *Bacon* v. *Walker,* 77 *Ga.* 336; *Rounsaville* v. *Kohlheim,* 68 *Ga.* 668 (45 Am. R. 505); *Wingate* v. *Doerun,* 177 *Ga.* 373 (170 S. E. 226); *Hope* v. *Governor's Horse Guard,* 153 *Ga.* 633 (113 S. E. 189); *Gray* v. *Chason,* 158 *Ga.* 313 (123 S. E. 290); *Barton* v. *Rogers,* 166 *Ga.* 802 (144 S. E. 248). *Judgment affirmed. All the Justices concur.*