## OTT et al. v. RABURN, trustee, et al.

HEAD, Justice. 1. "Mere apprehension of irreparable injury from an alleged nuisance consisting of a house in course of construction for a lawful business use is not sufficient to authorize an injunction. If it be a nuisance, the consequences must be to a reasonable degree certain." *Richmond Cotton Oil Co.* v. *Castellaw*, 134 *Ga.* 472 (67 S. E. 1126); *Thomoson* v. *Sammon*, 174 *Ga.* 751, 757 (164 S. E. 45); *Wingate* v. *Doerun*, 177 *Ga.* 374 (170 S. E. 226).

2. Where, as here, the bill of exceptions recites that counsel for the plaintiffs in error stated in open court that the plaintiffs did not contend that the construction of the new church building would constitute a nuisance per se, and the evidence (if any) that the new church building would become a nuisance per accidens was based on a mere apprehension of injury, it was not error for the trial court to deny the grant of an interlocutory injunction.

*Judgment affirmed. Jenkins, Chief Justice, Duckworth, Presiding Justice, Atkinson, Wyatt, and Candler, Justices, and Judge A. M. Anderson concur.*

ON MOTION FOR REHEARING.

The plaintiffs in error contend that this court overlooked the evidence that a temporary building permit was granted the defendants, but that this permit was expressly revoked by the building committee; and that the building ordinance of the City of Pelham of January 15, 1930, was not considered by the court. A casual examination of the statement of facts will reveal that such contentions are without merit. While it is contended by the plaintiffs in error that the building permit granted was "temporary" and later "revoked," the trial court was amply authorized to find against such contentions. The copy of the building permit appearing in the record does not purport by its terms to be "temporary," nor is any authority cited granting the right to the City of Pelham to grant a "temporary" building permit which may later be revoked at the pleasure of the granting authority. The plaintiffs in error did not introduce any evidence to show a violation by the defendants of the ordinance of January 15, 1930. W. H. Simpson, one of the defendants, testified that the construction of the building was not begun until a formal building permit was granted by the City of Pelham, and that the witness furnished all information requested by the Clerk of the City of Pelham at the time the building permit was granted. The testimony of Simpson alone (had there been any evidence for the plaintiffs that the ordinance of January 15, 1930, was not complied with) supports the findings of the trial judge in favor of the defendants. The rule that this court will not control the discretion of the trial court, unless abused, on conflicting evidence, in the grant or refusal of an interlocutory injunction, has been stated so many times as not to require citations here.

It is contended that the court overlooked and "ignored" the case of *Wofford Oil Co.* v. *David,* 181 *Ga.* 639 (183 S. E. 808), which is "controlling in the case at bar." An examination of the facts in the *Wofford* case shows that there no application for a building permit was ever made, and the *Wofford* case is not authority in the present case, where the building permit was admittedly applied for, granted, and the only contention is that it was "temporary" and later "revoked." Every material contention made by the plaintiffs in error is not without conflict in the evidence, and the motion for rehearing is therefore denied.

No. 16275. JULY 15, 1948. REHEARING DENIED JULY 28, 1948.

202

*Frank S. Twitty,* for plaintiffs.
*Edward T. Hughes,* for defendants.