## CROCKETT *v.* WOFFORD *et al.*

A petition alleging that the defendant has threatened to enter upon the plaintiff's lot of which they are in possession, destroy their fence, seize a ten-foot strip of land in dispute, and put thereon a business stand and sign-boards, whereby they would suffer irreparable injury; that such trespass would cause a breach of the peace; and that they are remediless unless the defendant is enjoined from carrying out his threats, is not subject to general demurrer.

No. 6278. JULY 12, 1928.

Equitable petition. Before Judge Howard. Fulton superior court. September 16, 1927.

*William F. Slaton,* for plaintiff in error.

*Augustine Sams,* contra.

RUSSELL, C. J. After amendment, the petition of A. G. and Mrs. W. F. Wofford against J. E. Crockett set forth substantially the following allegations: Petitioners are the owners of a described lot of land in Fulton County, Georgia, and are in possession thereof. Defendant has threatened to enter upon that lot and destroy a wire fence which petitioners had put up for the protection of their property. He has threatened to seize a ten-foot strip of land in dispute and to put improvements upon it, in trespass of petitioners' rights, which improvements will be in the nature of a "wiener-stand" and sign-boards. If defendant is permitted to carry out his threatened acts, petitioners will suffer irreparable injury and damage, and such trespass will constitute a breach of the peace. They are remediless unless the defendant is enjoined from carrying out his threats as just stated. After a hearing the court overruled a general demurrer to the petition, and the defendant excepted. Although equity will not interfere to restrain a trespass, unless the injury would be irreparable in damages or there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper under the facts stated in the pleadings, in this case the court did not err in overruling the de-

murrer to the plaintiffs' petition. The facts of this case distinguish it altogether from those in *Paramore* v. *Persons,* 57 *Ga.* 473, where the single object was to enjoin the defendant from entering into the possession of the land; and from *Griner* v. *Culpepper,* 164 *Ga.* 858 (139 S. E. 666). It is apparent from the allegations that the damages which would be suffered by the petitioners would be irreparable and not capable of accurate computation, and that the proposed trespass would constitute a breach of the peace.

*Judgment affirmed. All the Justices concur, except Atkinson and Hill, JJ., disqualified.*