## BARTON *et al. v.* ROGERS.

RUSSELL, C. J. 1. The court did not err in disallowing an amendment pleading acts of nuisance subsequently to the filing of the original petition. As amendments relate to the commencement of the suit, facts variant from the circumstances and conditions obtaining at the time suit was filed would be irrelevant and incompetent to establish allegations based upon a theory different from that relied on at the time of the filing of the action, and would add a new and distinct cause of action.

2. According to the definition adopted by this court in *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575, 576 (141 S. E. 643), "A nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." A coal and ice business, though conducted on a vacant lot fronting a street which is "essentially residential," does not fall within the above definition. It has been expressly held that a stable where mules or horses are kept is not a nuisance per se. *Harrison* v. *Brooks,* 20 *Ga.* 537; *Hope v. Governor's Horse Guard,* 153 *Ga.* 633 (113 S. E. 189); *Rounsaville* v. *Kohlheim,* 68 *Ga.* 668 (45 Am. R. 505).

3. Mere anticipation of injury amounting to a nuisance apprehended to ensue from the conduct of a lawful business in an improper manner will not authorize the .grant of an injunction; and so it is not error to refuse an interlocutory injunction against anticipated injury from the maintenance of a coal and ice business in close proximity to the residences of the petitioners, or because of the fear that petitioners would be injured by the lawful use of a stable in which to house animals used in the conduct of that business. *Standard Oil Co.* v. *Kahn,* supra, and cit.

4. Under the ruling of this court in *Standard Oil Co.* v. *Kahn,* supra, which presented a much stronger case on its facts than those here alleged, it would have been error for the trial judge to overrule the demurrer in this case. Therefore, e converso, in the present case it was not error to sustain the demurrer and dismiss the petition, since the same did not present sufficient facts to show that the business complained of constitutes a nuisance.

*Judgment affirmed. All the Justices concur.*

No. 6173. AUGUST 20, 1928.

Equitable petition. Before Judge Hutcheson. DeKalb superior court. June 30, 1927.

This action was brought by Barton and six other plaintiffs against

Rogers, alleging that the defendant was intending to establish a coal and ice business on a vacant lot in Decatur, adjoining the house and lot in which two of the plaintiffs live and across the street from the home of another plaintiff, and that Rogers intends to build on the vacant lot houses for the purpose of stabling horses and mules to be used in the coal and ice business. It is not alleged that three of the plaintiffs live in the same neighborhood, nor does it appear from the petition that they are in any way substantially interested in the result of the suit. The lot about to be so used by Rogers is on North Candler Street near the railroad-crossing, which is a continuation of South Candler Street. These are paved streets "essentially residential" and having residences on both sides. They are main thoroughfares from the railroad, used by persons traveling State highway number 12 by young ladies attending Agnes Scott College in passing back and forth between the college and the court-house square. There are numerous homes of considerable value in the immediate neighborhood, and twenty other families who own their homes in the vicinity, which for many years has been used as an exclusive residential section. It is charged that the contemplated business will cause constant disruption to the quietude and peace of the neighborhood and unhealthful conditions in the neighborhood and make vile odors to permeate the air; that the neighbors will be awakened in the morning by noise and in the evening by its repetition; that it will be an eyesore to the vicinity, make the homes valueless, and become an annoyance to petitioners and other persons living in the vicinity, and will operate as a constant disturbance to the peace of the neighborhood.

The defendant filed a demurrer upon eight grounds. The trial judge sustained the eighth ground of demurrer and dismissed the petition, after refusing to allow an amendment offered by the plaintiff. Exception was taken to these rulings. By the proposed amendment the plaintiffs sought to add the following paragraph: "That defendant has proceeded to operate and maintain on said vacant lot a coal yard, and is now operating and maintaining on said lot a coal yard on which he is unloading and storing coal in the manner plaintiffs heretofore alleged that defendant would, and on which he leaves his automobile trucks and wagons, and on which he keeps at night his live stock used in hauling coal, wherein they are fed and kept. That said defendant is now using said property for the

purpose of a coal yard and for carrying on a general coal yard business. That in maintaining said yard defendant unloads coal on the lot in heaps and piles, and later loads said coal on trucks and wagons and hauls the same; all of which causes much noise which is unusual and unnecessary and which disturbs the peace of plaintiffs' homes and constantly annoys them. That in said loading and unloading coal a great amount of coal dust is thrown into the air, making the air full of impurities and endangering the health and life of plaintiffs. That in maintaining a live-stock stable on said yard wherein live stock is kept, defendant's stock create unusual and disturbing noises at night, by stamping and kicking, which interferes with the sleep and comfort of the plaintiffs living adjacent to said lot, and there accumulates filth and vermin around said lot or stable that endangers the health of the neighborhood. That all of the acts alleged herein are in daily and nightly operation and amount to a continuing nuisance and disturbance to petitioners, working to their hurt and injury and inconvenience." The defendant objected to the allowance of this amendment, on the grounds that it relates to matters occurring since the filing of the suit; that it sets up a new and distinct cause of action; that it does not plainly, fully, and distinctly set forth the things complained of and relief sought; and that it shows that if any nuisance is set up it is a public and not a private nuisance. The eighth ground of demurrer sustained was "that a coal yard and a stable and mules or horses in connection therewith is not a nuisance per se and can not be so regarded, and that the petition, in setting forth the apprehension that the same will be improperly operated, constitutes no cause of action, and that there is no equity in the petition for injunction or otherwise."

*Branch & Howard* and *Bond Almand,* for plaintiffs.

*Alexander & McLarty,* for defendant.