ATLANTIC REFINING COMPANY *et al. v.* FARRAR.

No. 7997. OCTOBER 17, 1930.

*Miller & Lowrey,* for plaintiff in error.

*Hall, Grice & Bloch, P. O. Holliday,* and *Ellsworth Hall Jr.,* contra.

RUSSELL, C. J. Mrs. Clara B. Farrar filed a petition to enjoin the Atlantic Refining Company et al. from erecting a filling-station on a corner lot in the City of Macon, formerly owned by the Tattnall Square Baptist Church, and asked for damages in the sum of $2500. The petition originally alleged that the defendants were about to erect the filling-station on its lot only a small distance from the boundary line between petitioner's dwelling and the said lot; that on said lot would be a wall 14 feet high, and though the company had a frontage of 62-1/2 feet it was about to erect its building on that side of its lot nearest petitioner's residence; that the building would cut off ventilation and light from petitioner's residence; that lights to be put up by defendants would shine into the bedroom of petitioner's dwelling, and dirty, greasy waste

would be expelled in close proximity to her home, offensive to her olfactory and visual organs, and noises created at all hours of the night would disturb her sleep and that of her family. His honor, Judge Malcoln D. Jones, granted a temporary restraining order forbidding construction of the proposed building until a date set for a hearing, and called on defendants to show cause why permanent injunction should not be granted. This hearing was not had on the date set; and in the meantime plaintiff and her counsel and the agent of the company entered into an agreement by which the filling-station was to be erected at a distance of 9 feet and 4 inches from petitioner's adjacent lot line, and petitioner would dismiss her petition upon this change being adopted. This agreement, however, was not brought to the attention of the court, and in fact the company was not represented by any lawyer in the negotiations for settlement; and, supposing plaintiff had dismissed her case, the company proceeded with erection of the filling-station at a point 9 feet and 11 inches from plaintiff's line. When the building was about completed, the defendants started to erect a wall about two or three inches from the party line and to place electric lights on posts of said wall or panel fence, said lights being some two or three feet higher than said wall. Thereupon the plaintiff amended her petition, alleging these facts, and praying that the company and its agent be enjoined from building the wall or using said lights. Later plaintiff made still other amendments setting up various injuries and damage that would accrue from the wall and lights, and again asked that construction and use of lights be enjoined. The defendants filed demurrers which were overruled; and the court then heard evidence upon the facts set up in the petition, after which the court enjoined the defendants from further construction or maintenance of said station. To this judgment the defendants excepted.

Upon the date set for a hearing, after plaintiff had offered amendments as above stated, and set up facts which occurred after the proposed settlement between the parties, the defendants again demurred to the petition as amended, and the court again overruled the demurrer. It is the contention of the plaintiffs in error that the original petition set forth no cause of action, and therefore could not afford substance upon which an amendment could be predicated—that no amendment could be engrafted, because there

was nothing upon which the graft could be planted; and also raised the point that the third proposed amendment was not proper subject-matter by which to amend, because it plainly appeared the amendment set forth an entirely new cause of action. We are of the opinion that each and every ground of demurrer should have been sustained, and that the court erred in overruling seriatim these demurrers. The original petition alleged that the filling-station was a nuisance because of the noise, odors, and irregular hours kept, and that its operation would constitute a nuisance. This court has held that a filling-station is not per se a nuisance (*Standard Oil Co.* v. *Kahn*, 165 *Ga.* 575, 141 S. E. 643, and cit.) ; and that even though the building may not be a thing of esthetic charm or architectural beauty, an adjoining landowner can not complain that his neighbor uses his own property in a lawful manner, though it offends his esthetic tastes. It is well settled among English-speaking people, that, unless private property be appropriated for public purposes, an owner of land has the right to use his own property as he sees fit from the middle of the earth as far as it can be supposed to reach up into heaven. Of course he is not allowed to so use it as to injuriously affect the health, comfort, or convenience of any one else needlessly. We think the most precise expression of this situation is the Latin maxim, *sic tuo utere ut non alienum lœdas*—so use your own things as not to injure another. It is our opinion that the petition did not set forth a cause of action before it was amended, and that it was so defective that it could not be amended except by the allegation of a new cause of action. Inasmuch as plaintiff amended her petition after the building with the 14-foot wall had been erected, and the hindrance to natural light and ventilation afforded no cause of action, the petition set forth no cause of action. This being true, the demurrer as to the original petition should have been sustained, as well as to the first amendment.

The second amendment setting up facts which had occurred subsequently to the time the original petition was filed, and to obtain damages upon conditions which did not exist at the time the original petition was filed, was not amending matter, but was a new cause of action. When first filed, the petition was for injunction against a 14-foot wall. The petitioner consented to its erection, provided it were built 9 feet and 4 inches from her line. The company in

fact erected the wall 7 inches further from her line than she stipulated. The original petition said nothing about lights on walls or fence, or posts, or pillars at stated distances on different panels of the fence or wall. Hence this amendment was not germane to the original cause of action. That the third amendment constituted an entirely new cause of action, see *Barton* v. *Rogers,* 166 *Ga.* 802 (144 S. E. 248), where it was said: "As amendments relate to the commencement of the suit, facts variant from the circumstances and conditions obtaining at the time suit was filed would be irrelevant and incompetent to establish allegations based upon a theory different from that relied on at the time of the filing of the action, and would add a new and distinct cause of action." Furthermore, in the original petition and each of the amendments the allegations of injury were merely conclusive and anticipatory. It did not appear as a fact that any member of petitioner's family had been blinded by lights or had suffered from any bad odors, or would be so affected were the station improperly conducted. The assumption that it would be improperly conducted was merely anticipatory. "Mere anticipation of injury amounting to a nuisance apprehended to ensue from the conduct of a lawful business in an improper manner will not authorize the grant of an injunction." *Barton* v. *Rogers,* supra.

The plaintiff also amended by setting up an allegation that the defendants had proceeded with the building and improvements in contempt and violation of the restraining order, contending that the defendant company, through its contractor, had erected a building with a 14-foot wall upon the same plot of ground referred to in the restraining order. It may be said there can not be assigned any contempt of court on the part of the defendants, since they naturally supposed that the attorneys for petitioner would advise the court of the settlement or instruct the clerk of the court to dismiss the action. However, this is of no consequence; for even if defendants were in contempt, that would not affect the legal principles controlling the decision upon the petition for injunction. The court could apply the proper punishment for any contempt that existed, but that could not be mingled with a judgment in a proceeding to obtain damages and injunction ad interim. Contempt of court could not be properly punished by rulings upon demurrers to the petition. We are of the opinion that the first demurrer should

have been sustained; and this would have made further proceedings nugatory, unless petitioner had been able to offer something germane to the cause of action, instead of amendments which set up a new and distinct cause of action.

<em>Judgment reversed. All the Justices concur.</em>