22555. MUSCOGEE COUNTY *v.* WILLIAMS *et al.*

DECIDED APRIL 5, 1933.

*J. F. Terry,* for plaintiff in error.

*Joseph O. McGehee, Charles F. McLaughlin Jr.,* contra.

GUERRY, J. Bernice Williams and Howard Ballard sued Muscogee county for alleged damage to a lot by reason of the construction of a bridge and approach thereto. It was alleged that such construction cut off light and air from petitioners' lot, obstructed the view thereof, and caused water to flow therefrom over petitioners' lot, resulting in damage to petitioners. No demurrer was interposed to the petition, but on the trial of the case the defendant objected to the following testimony: "The viaduct cuts my view. The air is cut off coming from the southwest or west from my lot. The light and air is both cut off. Before the viaduct and approaches were erected I had free access to light and air. Since the erection of the viaduct I do not enjoy free access to light and air from all directions." The court charged the jury as follows: "I have ad-

mitted the evidence as to what effect the viaduct would have on this particular property, and while the plaintiffs would have no right to collect damages by reason of the obstruction of light or air, yet you may look to these facts and circumstances in determining whether or not, along with other facts, to wit the drainage, whether or not the property has been damaged. That is a mere circumstance, and is not of itself sufficient to authorize you to find a verdict against the county, but that is a circumstance to which you may look in determining whether or not the property in question— the lot—has been damaged in value." We think the admission of this evidence, and this charge, were clearly error. The evidence discloses that the embankment built by the county was on land owned by the county, and that the toe of the embankment was 55 feet distant from the nearest point to the lot of the plaintiff which was alleged to have been damaged. "It is well settled law among English-speaking people that unless private property be appropriated for public purposes, an owner of land has a right to use his property as he sees fit from the middle of the earth as far as it can be supposed to reach up into heaven." *Atlantic Refining Co.* v. *Farrar,* 171 *Ga.* 371, 373 (155 S. E. 327). "One building on his own land is clearly in the exercise of his legal rights. There is no encroachment upon the lands or right of another; no occupation of that which belongs to another." *Mitchell* v. *Rome,* 49 *Ga.* 19 (15 Am. R. 669). The authorities cited by defendants in error apply to rights to air and ventilation as between a tenant and a landowner, or as between common tenants and the same landlord, and do not apply in cases of diverse ownership to adjacent property. The damage in this case should have been confined strictly to that caused by the draining of water from such viaduct on to the lands of plaintiffs.

Since, under the facts of this case, there could be no legal recovery for obstruction of air and light, the court's error in admitting evidence and instructing the jury in regard thereto as above set out, requires the grant of a new trial.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*