CALHOUN *v.* EDWARDS *et al.*

No. 15688.   APRIL 15, 1947.

*John A. Smith,* for plaintiff. *George R. Jacob,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) █ "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301; Powell on Actions for Land (Rev. Ed.), p. 111, § 113. "Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to the cause of action which he meant to assert, and that the addition proposed would make the cause of action complete. There must be a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause. Any amendment whatever which, if allowed, would leave the cause of action incomplete, should be rejected." *Ellison* v. *Georgia Railroad & Bkg. Co.,* 87 *Ga.* 691 (6) (13 S. E. 809); *Harrell* v. *Parker,* 186 *Ga.* 760 (2), 765 (198 S. E. 776); *Silverman* v. *Alday,* 200 *Ga.* 711 (2) (38 S. E. 2d, 419).

█ Whether or not the allegations of the original petition were sufficient to set forth a complete cause of action, it cannot be held that they were insufficient to set forth an imperfect cause of action, as to which see *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126 (32 S. E. 30); *Shepherd* v. *Southern Pine Co.,* 118 *Ga.* 292 (2) (45 S. E. 220); *Jones* v. *Robinson,* 172 *Ga.* 746 (3) (158 S. E. 752);

*Simmons* v. *Beatty,* 57 *Ga. App.* 350, 356 (195 S. E. 289). None of these decisions held that a petition is not amendable merely because, without amendment, it does not state a complete cause of action. It follows that the original petition, which alleged that one of the defendants came over to the lands of the petitioner and set some iron posts eighteen inches to two feet on the inside of where the old fence had been located, and ordered the petitioner not to cross over the line where the iron posts were set, contained enough to amend by.

The amendment which was disallowed in the present case contained, among others, allegations to the effect that since the filing of the suit one of the defendants has ordered the petitioner to refrain from going on the lands up to the line described in the original petition, and continues to do so; that the defendants have continued to pour slops across the correct line, and to reach over the line and onto the lands of the petitioner and trim a hedge and throw limbs onto the lands of the petitioner and to push the remaining fence that was not removed across the line onto the lands of the petitioner, and that these acts have been repeated many times since the controversy arose and constitute a continuing trespass.

The question, therefore, arises as to whether a petition in an equity case may be amended by setting forth matters that occurred subsequently to the filing of the petition. Ordinarily the status of a suit becomes fixed at the time the action is instituted, and therefore, when there is no cause of action at the commencement of the suit, there can be no recovery, although one may accrue respecting the same subject-matter while the suit is pending. *Wadley* v. *Jones,* 55 *Ga.* 329; *Deas* v. *Sammons,* 126 *Ga.* 431 (55 S. E. 170, 7 Ann. Cas. 1124); *Kelly* v. *Cherry,* 40 *Ga. App.* 178 (149 S. E. 81). However, this court held in *Becker* v. *Donalson,* 133 *Ga.* 864 (7) (67 S. E. 92): "Since the adoption of the uniform procedure act of 1887 (Acts 1887, p. 64), the provisions of which are set forth in part in the [Code, § 37-901], where the plaintiffs institute suit for specific performance of an alleged contract for the conveyance of land, for cancellation of deeds, for injunction, and for damages, founded upon their alleged right to the land, the defendants may in their answer assert a right to affirmative relief, such as damages alleged to result from trespass by the plaintiffs

upon the land in dispute, and may afterwards by amendment to their plea assert a right to such damages which occurred subsequently to the filing of the original plea." The above decision was followed in *Hogan* v. *Cowart,* 182 *Ga.* 145 (7) (184 S. E. 884), where it was held: "Paragraph 18 of the petition as amended on October 12, 1934, alleges damages in the sum of $176, accrued since institution of the suit, as the value of stated quantities of corn and fodder which the land would have produced during the year, but had not produced on account of the alleged trespass in closing the ditch. The Code of 1933, § 105-1406, providing: 'Damages for a continuing trespass are limited to those which have occurred before action is commenced. Subsequent damages flowing from a continuance of the trespass give a new cause of action,' applies to actions at law but not to causes in equity." Again in *Byrd* v. *Prudential Insurance Co.,* 185 *Ga.* 310, 314 (2d) (195 S. E. 403), it was said: "This being an equity case, there is no merit in the defendant's demurrer to such amendment, so far as based on the ground that the allegation that the debt had matured since the filing of the original petition added a new cause of action, and that the allegations as to facts occurring subsequently to the filing of the original petition were not the subject-matter of amendment."

Applying the above principles to the pleadings in the instant case, the original petition, which alleged that one of the defendants came over to the lands of the petitioner and set some iron posts eighteen inches to two feet on the inside of where the old fence had been located, and ordered the petitioner not to cross over the line where the iron posts were set, was amendable by setting forth that subsequently to the filing of the suit the defendants continued in their attempts to exercise acts of dominion over the petitioner's strip of land, and that such acts constituted a continuing trespass. It appears from the allegations of the original petition and the amendment, fairly construed, that the acts of trespass alleged to have been committed after the suit was filed were not separate and distinct from the original trespass, but that they constituted a part of an original design upon the part of the defendants to appropriate a strip of the petitioner's land; and this is true although some of the subsequent trespasses

were committed by means different from the original act alleged. to have taken place before the suit was filed.

The present case is, therefore, distinguishable from *Bank of Brooklet* v. *Motor Liens,* 164 *Ga.* 314 (138 S. E. 582); *Gray* v. *Federal Land Bank,* 182 *Ga.* 894 (187 S. E. 104); *Mitchell* v. *Mitchell,* 201 *Ga.* 621 (40 S. E. 2d, 738), and similar cases in which the acts that were alleged to have taken place after the commencement of the suit were separate and distinct from those that were alleged in the original petition to have taken place before suit was filed. The instant case is also distinguished by its facts from the following cases. In *Barton* v. *Rogers,* 166 *Ga.* 802 (144 S. E. 248), where an amendment was offered in a suit seeking to enjoin the establishment of a coal and ice business, it was held: "The court did not err in disallowing an amendment pleading acts of nuisance subsequently to the filing of the original petition. As amendments relate to the commencement of the suit, facts variant from the circumstances and conditions obtaining at the time suit was filed would be irrelevant and incompetent to establish allegations based upon a theory different from that relied on at the time of the filing of the action, and would add a new and distinct cause of action." A similar ruling was rendered in *Atlantic Refining Co.* v. *Farrar,* 171 *Ga.* 371 (155 S. E. 327), involving a suit which sought to enjoin the erection of a filling-station. In these cases the original petition was based upon the theory that the establishment of the business would constitute a nuisance per se, whereas the amendment sought to show that the operation of the business constituted a nuisance per accidens. In *Cooley* v. *Enzor,* 190 *Ga.* 290 (9 S. E. 2d, 277), the amendment, the disallowance of which was excepted to, alleged "that the defendant had not yet erected a filling-station on his property, but had done some grading thereon and installed an old gasoline pump, but was not operating the same, and was not equipped for serving the public as a gasoline filling-station, but that he continued to threaten to operate a filling-station thereon."

■ While courts of equity in a proper case will exercise jurisdiction to settle boundaries between coterminous owners, when the boundaries have become confused or obscure, equity ordinarily requires as a condition to the exercise of this jurisdiction that there should be also some other equity arising from the conduct,

situation, or relation of the parties. Powell on Actions for Land (Rev. Ed.), 52, § 57 (a), note 24; *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.*, 152 *Ga.* 150 (108 S. E. 609). The allegations of the original petition in the present case, to the effect that the defendant had undertaken to appropriate a strip of land belonging to the plaintiff, coupled with the averments in the proffered amendment relating to the continuing trespass were, as against the motion to dismiss which was in the nature of a general demurrer, sufficient to set forth a cause of action for the relief prayed. *Lockwood* v. *Daniel,* 193 *Ga.* 122 (5, 6) (17 S. E. 2d, 542). See also *Crockett* v. *Wofford,* 166 *Ga.* 630 (144 S. E. 27). Accordingly, the trial court erred in disallowing the amendment and in dismissing the action.

No ruling is made on special demurrers which, according to the brief of counsel for the plaintiff in error, were filed to the petition, but which the present transcript of the record does not show were passed upon by the trial court.

*Judgment reversed. All the Justices concur.*