## 75634. SCHWARTZ v. RENNIE et al.
(365 SE2d 159)

BIRDSONG, Chief Judge.

This is an appeal of the separate orders of the trial judge granting appellee-defendant Lawrence J. Konter's and appellee-defendant Donald Rennie's motions for summary judgment. This suit was initiated after appellant's agreement to purchase real property terminated following his failure to timely obtain the requisite commitment for financing. Appellant has asserted two enumerated errors. *Held*:

1. Appellant's first enumerated error is that the trial court erroneously granted summary judgment in favor of the appellee-defendant, Lawrence J. Konter, denying the claim of appellant for damages based on appellees' breach of his fiduciary obligation and fraud.

As appellant has failed to support that portion of his enumerated error which asserts fraud on the part of appellee Konter, we find that pursuant to our Rule 15 (c) (2) this portion of his enumerated error

has been abandoned. See *Craft v. Hosp. Auth. of Hall County*, 173 Ga. App. 444 (326 SE2d 590).

In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Bridges v. Interstate Truck Leasing*, 171 Ga. App. 361 (319 SE2d 531); see *Dickson v. Dickson*, 238 Ga. 672, 675 (235 SE2d 479), citing *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442). Applying this test to the trial court's grant of summary judgment in favor of appellee-defendant, Lawrence J. Konter, we find that the trial court's ruling was correct, as the evidence, when viewed in this posture, shows that "there is no genuine issue as to any material fact and that the [appellee-defendant, Konter] is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). Appellee-defendant Konter's motion for penalty is denied.

2. Appellant's second enumerated error is that the trial court erred in granting summary judgment in favor of the appellee-defendant, Donald Rennie, denying the claim for damages based on the appellees' breach of its fiduciary obligation to appellant, fraud, acquisition of antagonistic rights to a confidential relationship and interference with appellant's business opportunity. Although we find that appellant and appellee Rennie did occupy a confidential relationship (OCGA § 23-2-58) and that as to appellant the appellee Rennie was a fiduciary, the evidence of record when viewed most favorably for appellant shows that there is no genuine issue as to any material fact concerning the alleged breach of this relationship.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1988.

*John G. Hunter*, for appellant.
*John R. Calhoun, Stanley E. Harris, Jr., Malcolm MacKenzie III, Neil C. Manson*, for appellees.