### 77354. ECHOLS v. HUDSON.
(377 SE2d 542)

BENHAM, Judge.

This is an appeal from the grant of summary judgment to Hudson in Echols' appeal to the superior court from a probate court order dispensing with administration of the estate of Hudson's father, and Echols' grandfather. Appellee's petition to the probate court alleged that the decedent's only property was a checking account and some household furnishings, and that debts of the estate had been paid from the checking account after the decedent's death.

Appellant complains on appeal, as he did below, that appellee's petition was defective because it did not allege, as is required by OCGA § 53-10-1 (b), that the estate had no debts and that all the heirs had agreed upon a division of the estate amicably among themselves. Appellant is correct on both counts: the petition stated that the estate did have debts but that appellee had paid them out of the assets of the estate, and it made no mention at all of an amicable division of the estate. The fact that appellant has filed a caveat to appellee's petition is a clear sign that the heirs are not in agreement on the disposition of the estate.

Appellee argues, in essence, that appellant's objections are all moot because there was, in reality, no estate to be administered. One basis for that position is appellee's averment in her affidavit in support of her motion for summary judgment that she, as an "authorized signatory" of the checking account, had exhausted the account in the course of paying debts. However, the amount of the debts listed in the petition was $557.61 less than the amount alleged to be in the checking account (although appellee averred in a conclusory fashion that she and another heir had paid part of the debts because the estate did not have sufficient assets to do so), and appellant made no mention in the affidavit of the disposition of the items of household furnishings. Exhaustion of the estate, even if it were a ground for dispensing with administration (but see OCGA § 53-10-2), has not been shown.

Another basis for appellee's position that there was no estate to administer is her assertion that she became the owner of the funds in the decedent's checking account upon his death. However, all appellee alleged was that she was an "authorized signatory" on the account. There was no showing that appellee was a party to a joint account so as to own it as a survivor (see OCGA § 7-1-813), only an allegation that she was authorized to sign checks on the account. "In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cits.]" *Schwartz v. Rennie*, 185 Ga. App. 638 (1) (365 SE2d 159) (1988). Applying that rule in this case forecloses appellee's assertion that she was entitled to summary judgment on that ground.

The trial court mentioned in its order granting summary judgment, and appellee makes much on appeal of the fact, that appellant did not file a counter-affidavit in opposition to appellee's motion. The duty to do so, however, arises only after the movant has made a prima facie showing of entitlement to judgment. *Blue Ridge Ins. Co. v. Maddox*, 185 Ga. App. 153 (2) (363 SE2d 595) (1987). For all the record shows, there was an estate consisting of a checking account and unidentified household furnishings; there were debts owed by the decedent; and the heirs have not agreed amicably to a division of the assets. Since that showing does not satisfy the requirements of OCGA §§ 53-10-1 & 2, it cannot be said that appellee was entitled to summary judgment.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1989.

*Michael O. Horgan*, for appellant.
*William M. Wheeler*, for appellee.