## A90A1177. SUPER DISCOUNT MARKETS, INC. v. KUBITZ.

(398 SE2d 252)

Cooper, Judge.

Appellee filed an action in the State Court of DeKalb County seeking an unspecified amount of damages for personal injuries she suffered from a slip and fall in appellant's store. Appellant answered the complaint and subsequently filed a written demand for a twelve-person jury pursuant to OCGA § 15-12-122 (a) (2). Prior to the commencement of the trial, the court denied appellant's demand and required the case to be tried with a jury of six persons. Although appellee did not pray for a specific amount of damages, during closing arguments, appellee's attorney asked the jury to award appellee an amount in excess of $50,000. The jury returned a verdict in favor of appellee in the amount of $35,000. Appellant's sole enumeration of error is the trial court's denial of its demand for a twelve-person jury.

OCGA § 15-12-122 (a) (2) provides: "In all civil actions in the state courts in which the claim for damages is greater than $10,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of subsection (b) of this Code section." Appellee's attorney, when asked by the court whether he also wanted a twelve-person jury, responded that he wanted a six-person jury. We find that statement to be tantamount to an acknowledgment that appellee's claim was for less than $10,000. It seems grossly unfair for an attorney to utilize the informalities of "notice pleading" by not pleading a specific amount of damages, object to appellant's demand for a twelve-person jury, and then argue to the jury that his client is entitled to an amount greatly in excess of the $10,000 limit set for six-person juries.

Appellee contends that appellant had the burden of proving that appellee's claim was greater than $10,000 at the time the court ruled on appellant's demand. We disagree. To place such a burden on the party demanding a twelve-person jury would require the court to conduct an evidentiary hearing before ruling on the demand. It seems the better practice for the trial court to grant the request for a twelve-person jury unless the record affirmatively shows that the claim is for less than $10,000. Inasmuch as the record did not reflect that the claim was for less than $10,000, we conclude that the trial court erred in not granting appellant's request for a twelve-person jury.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990.

*Drew, Eckl & Farnham, G. Randall Moody*, for appellant.

*Lloyd W. Hoffspiegel*, for appellee.