A91A0007. B. C. B. COMPANY, INC. et al. v. TROUTMAN.
(409 SE2d 218)

COOPER, Judge.

This interlocutory appeal arises out of a sexual harassment action brought by appellee Sheila Troutman against her supervisor Bradley Bennett ("Bennett") and appellants, B. C. B. Company, Inc. ("BCB") and its parent company, Beers, Inc. ("Beers"). Appellants enumerate as error the denial of their motion for summary judgment and their motion for a jury of 12 persons.

In 1986, Sheila Troutman was employed by BCB as a timekeeper at various construction sites and worked in an office under the immediate supervision of Bennett. Troutman testified in her deposition that during the time she worked under Bennett's supervision, Bennett engaged in a course of conduct which included making obscene comments to her about various parts of her body, constantly rubbing against her body, touching her breasts and other intimate areas of her body, kissing her neck, and threatening Troutman's job if she did not go to a motel with him. Troutman testified that she repeatedly pushed Bennett away and told him to stop bothering her but Bennett's behavior continued. Troutman eventually complained to Jerry Seaman ("Seaman"), the payroll clerk to whom Troutman turned in time records. Troutman testified that she took her complaint to Seaman because she believed that he was the head of payroll and she

considered Seaman to be her "boss" outside of the job site. Troutman took a medical leave from her job and during her absence was replaced by Christa Conner. Shortly after Troutman returned from her medical leave, she was terminated from her employment with BCB. She subsequently filed an action in the State Court of Fulton County against Bennett, BCB and Beers, alleging that Bennett sexually harassed Troutman; that BCB and Beers knew of and condoned Bennett's actions; that Bennett's conduct constituted intentional infliction of emotional distress, assault and battery and invasion of privacy; and that BCB and Beers negligently hired and retained Bennett.

1. Appellants first contend that the trial court erred in denying their motion for summary judgment on appellee's claims arising from Bennett's alleged sexual harassment. Appellants argue that appellee bases her cause of action on intentional torts occurring outside the scope of Bennett's employment with BCB; therefore, appellants cannot be held liable under a theory of respondeat superior. This case is controlled by *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480 (2) (367 SE2d 328) (1988). In *Favors* we held that the employer could not be liable for the alleged sexual harassment of the plaintiff because the alleged acts of sexual harassment were not committed by the supervisor in furtherance of the employer's business and were outside the scope of the supervisor's employment. Appellee's reliance on *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670 (347 SE2d 619) (1986) and *Wiley v. Ga. Power Co.*, 134 Ga. App. 187 (213 SE2d 550) (1975) is misplaced. In those cases, there was evidence that the employer ratified the supervisor's conduct by discharging the plaintiff and retaining the supervisor upon learning of the tortious misconduct. In the case sub judice, there is no evidence that Bennett's superiors terminated Troutman's employment in response to her complaints regarding Bennett. Therefore, summary judgment should have been granted to appellants on Troutman's intentional tort claims.

2. Appellants also contend that the trial court erred in denying their motion for summary judgment on Troutman's claim of negligent hiring/retention. Appellants argue that Troutman failed to follow BCB's established policy regarding the reporting of sexual harassment; therefore, appellants had no knowledge of any harassment by Bennett. The record reflects that prior to Troutman's employment with BCB, Joyce Robinson ("Robinson") had worked as a timekeeper under the supervision of Bennett; that Bennett had sexually harassed Robinson in much the same way as he did Troutman; that Robinson reported the harassment to Chris Williams, a supervisor in the accounting department for Beers; that Chris Williams relayed what Robinson told him about Bennett to either the president of BCB or the president of Beers; that the president of Beers spoke with Ben-

nett about Robinson's allegations; that Robinson also reported the harassment directly to the president of BCB; and that a decision was made to transfer Robinson to a position away from Bennett. Seaman also testified in his deposition that he had worked for Beers for over ten years and had heard rumors about Bennett "chasing women" for almost as long. He also stated that he reported the rumors to Chris Williams sometime between 1985 and 1987.

Appellants argue that because Troutman did not follow the company's established grievance procedure for reporting sexual harassment, she should not be allowed to sue for negligent hiring or retention. Although a company's express policy for discouraging sexual harassment is one factor to be considered in assessing the potential liability of an employer (*Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166 (2) (381 SE2d 303) (1989)), " '[a] cause of action for negligence against an employer may be stated if the employer, in the exercise of reasonable care, should have known of an employee's reputation for sexual harassment and that it was foreseeable that the employee would engage in sexual harassment of a fellow employee but he was continued in his employment.' [Cit.]" *Coleman v. Housing Auth. of Americus*, supra at 170. " 'An employer may know, or in the exercise of due care have reason to know, of an employee's reputation for sexual harassment in the absence of complaints.' [Cit.]" *Coleman v. Housing Auth. of Americus*, supra. Notwithstanding that Troutman did not take her complaint to those directly in charge of Bennett, we find that a question of fact exists as to whether those persons, based upon information previously provided to them from Robinson and Seaman, in the exercise of ordinary care, could have reasonably discovered that Bennett was acting in a sexually harassing manner toward Troutman. Accordingly, the trial court properly denied summary judgment to appellants on the issue of negligent hiring/retention.

3. Appellants also contend that the trial court erred in denying their motion for summary judgment on Bennett's cross-claim for indemnification. Bennett argues in his cross-claim that he is entitled to indemnification from appellants because their termination of Troutman precipitated the lawsuit against him for sexual harassment. However, the record is devoid of any evidence that Troutman brought her lawsuit in retaliation for her termination. Nor has Troutman alleged wrongful termination as a cause of action against Bennett or appellants. Troutman repeatedly testified in her deposition that her work suffered as a result of Bennett's constant harassment. Although Bennett, as the party opposing appellant's motion for summary judgment, was entitled to be given the benefit of all reasonable doubt and to have all inferences arising from the evidence construed in his favor, *Echols v. Hudson*, 189 Ga. App. 780, 781 (377 SE2d 542) (1989),

where the record demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, summary judgment is proper. *Curry Corp. v. Mooro*, 195 Ga. App. 184 (1) (393 SE2d 33) (1990). Therefore, we conclude that appellants were entitled to summary judgment on Bennett's cross-claim for indemnification.

4. In their final enumeration of error, appellants contend that the trial court erred in denying their motion for a jury of 12 persons. In her complaint, Troutman requested actual and punitive damages and attorney fees, but did not specify an amount. OCGA § 15-12-122 (a) (2) provides that "[i]n all civil actions in the state courts in which the claim for damages is greater than $10,000, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12." In accordance with our decision in *Super Discount Markets v. Kubitz*, 197 Ga. App. 224 (398 SE2d 252) (1990), we hold that since the record did not affirmatively show that the claim was for less than $10,000, the trial court erred in not granting appellants' request for a 12-person jury.

*Judgment affirmed in part; reversed in part. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 31, 1991 —
RECONSIDERATION DENIED JULY 29, 1991 —

*Alston & Bird, Robert H. Buckler, Bernard Taylor, W. Glenn Viers, Varner Stephens, Wingfield & Humphries, J. D. Humphries III, Carolyn T. Thurston, Julie Y. John*, for appellants.
*John H. Ridley, Robert Stein*, for appellee.