A98A0076. WOLF PROPERTIES, INC. v. RISSUS CORPORATION et al.
(501 SE2d 597)

BEASLEY, Judge.

Plaintiffs initiated this dispossessory proceeding against defendant/appellant in the State Court of Cobb County, seeking possession of leased premises, approximately $50,000 in past due rent, and other relief. Before the day of trial, defendant's attorney orally requested to have the case tried by a 12-person jury. Defendant appeared pro se at trial and renewed the request. The court denied it on the ground that defendant had not made this demand in writing prior to the commencement of trial. A six-person jury returned a verdict in favor of plaintiffs. Defendant contends on appeal that the denial of its request violated its right to a 12-person jury.

As appellant acknowledges, the controlling statute is OCGA § 15-12-122, composed of subsections (a) (1), (a) (2), and (b). Under subsection (b), and other statutory and constitutional provisions, there is a right to a 12-person jury in cases tried in superior court in the absence of a waiver or stipulation to the contrary. See *Hague v. Pitts,* 262 Ga. 777 (425 SE2d 636) (1993). Subsection (a) (1) provides for six-person juries in state courts, but subsection (a) (2) allows: "In all civil actions in the state courts in which the claim for damages is greater than $10,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures

for superior courts of subsection (b) of this Code section." OCGA § 15-12-123 governs demands for panels of competent and impartial jurors from which to strike a jury.*

It is uncontested that defendant did not file a timely written demand. Compare *Super Discount Markets v. Kubitz*, 197 Ga. App. 224 (398 SE2d 252) (1990); *B. C. B. Co. v. Troutman*, 200 Ga. App. 671 (409 SE2d 218) (1991). Under the plain language of the statute, a state court is not required to accommodate an oral request.

The court's judgment is inescapably correct. On motion by appellee, a $1,000 penalty against appellant is assessed for frivolous appeal. See Court of Appeals Rule 15 (b).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 14, 1998.

George K. Wolfes, Jr., *pro se.*

*Beloin & Associates, Frederic S. Beloin, B. Louise Bugg*, for appellees.

---

* This proceeding was instituted in February 1995. The case was tried in 1996. Effective July 1, 1995, OCGA §§ 15-12-122 and 15-12-123 were amended. Insofar as this case is concerned, there is no material difference between the old and new law.